UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAKKA SHANEAK JAMES | CIVIL ACTION |
| VERSUS | NO. 25-803-SDD-RLB |
| JEFF LANDRY, ET AL. | |

and

| | |
|---|---|
| SHAKKA SHANEAK JAMES | CIVIL ACTION |
| VERSUS | NO. 25-804-SDD-RLB |
| JEFF LANDRY, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 6, 2026.

                                                                                                RICHARD L. BOURGEOIS, JR.
                                                                                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAKKA SHANEAK JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-803-SDD-RLB** |
| **JEFF LANDRY, ET AL.** | |

and

| | |
|---|---|
| **SHAKKA SHANEAK JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-804-SDD-RLB** |
| **JEFF LANDRY, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Shakka Shaneak James' ("Plaintiff") *pro se*[1] (i) Complaint for Damages, (ii) Request to Attach Affidavit to Complaint, (iii) Motion for Leave to File First Amended Complaint, and (iv) First Amended Complaint exhibits. (R. Docs. 1; 9; 11; 12). Also before the Court is Plaintiff's Petition for Writ of Habeas Corpus. (CV No. 24-804, R. Doc. 1).

**I.    Background**

On September 3, 2025, Plaintiff filed suit in this Court against Jeff Landry and Bruce Greenstein, in their individual and official capacities, and the clerks and staff of the Louisiana Department of Health and Office of Management and Finance. (R. Doc. 1). The same day but in a separate case, Plaintiff filed a Petition for Writ of Habeas Corpus against Jeff Landry, in his individual and official capacities. (CV No. 24-804, R. Doc. 1). Plaintiff is not, however, in federal, state or local custody. On September 18, 2025, the habeas corpus case and the instant

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, they are not free "from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Thus, Courts need not "search for or . . . create causes of actions" for *pro se* plaintiffs. *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

case were consolidated. (R. Doc. 4). On September 19, 2025, Plaintiff was given leave to proceed *in forma pauperis* ("IFP"), and Plaintiff appeared for a *Spears* hearing on October 15, 2025. (R. Docs. 5; 8). On November 6, 2025, Plaintiff filed her Motion for Leave to File First Amended Complaint and its exhibits. (R. Docs. 11; 12).

**I.      Law and Analysis**

    **A.      Legal Standards**

District courts must construe IFP complaints liberally. However, even the most liberally construed IFP complaint can be dismissed at any time if the court finds it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A]n [IFP] complaint is frivolous. . . whe[n] it lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 25, 112 S. Ct. 1728, 1730, 118 L. Ed. 2d 340 (1992) (quotations and citation omitted). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *See Denton*, 504 U.S. at 33 ("finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir.1997) (internal quotation omitted).

To determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Fed. R. Civ. P. 12(b)(6). *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). The court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

3

Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    **B.**    **The Complaint for Damages and Other Related Filings**

The Complaint for Damages, the Petition for Writ of Habeas Corpus, the *Spears* hearing, and the Request to Attach Affidavit to Complaint, reveal that Plaintiff is basing all of her claims (takings clause, habeas corpus constructive custody, due process and equal protection, civil conspiracy, defamation, and invasion of privacy) on the following conclusory allegations:

- Plaintiff alleges that between 2012 and 2015, she was denied visitation with her children, was falsely accused of theft, and "was constantly under threat of arrest for trivial or non-existent reasons." (R. Doc. 1-3 at 2).
- Plaintiff alleges that, following the above events, she moved to many different states, but was being followed and harassed by unknown individuals and she and her employers were being cyber-attacked, often leading to her subsequent termination until she would occasionally go back to Louisiana, where the attacks often stopped. (R. Doc. 1-3).
- Plaintiff claims she moved from Louisiana to other states because of mental messages she received during sermons at a church she was attending. (R. Doc. 1-3 at 7). Plaintiff also wrote that her "insight" has been stolen from her—"insight that decided the election and put President Donald Trump in office[,] fattened pockets by stating who would win the Superbowls and NBA Finals[, and] that navigated COVID." (R. Doc. 1-3 at 10).
- Plaintiff explained during the *Spears* hearing that she believes the reason she is being cyber-attacked and losing her jobs when she is outside of Louisiana may be because Louisiana, through the defendants, wishes to have her stay in Louisiana. (R. Doc. 8).
- Plaintiff alleges that part of the reason she is being fired is because her employers cannot access funds she has a right to pursuant to sovereign citizen theories. (R. Doc. 1-3 at 9). She claims her Louisiana birth certificate is Louisiana's stock certificate over her monetary value as the "birth certificate was tied to two stocks on the SEC." *Id.*

4

In addition to the above, Plaintiff maintained during the *Spears* hearing that her claim also rests on many events that are clearly not caused by the State of Louisiana, such as stop lights in other states turning red to prevent her from going certain directions, rain purposefully restricting her travel, vampires presenting in her social media feed, and her out of state church pastor telepathically saying she should have stayed in Louisiana. (R. Docs. 1-3; 8). But even ignoring these fanciful events, it is apparent Plaintiff's case is primarily founded on the idea that Louisiana is controlling where Plaintiff may reside thanks to its alleged control over monetary benefits resulting from her birth certificate. This idea is based on sovereign citizen theory.

The Fifth Circuit describes sovereign citizens as "a loose grouping of litigants . . . who often take the position that they are not subject to state or federal statutes and proceedings." *United States v. Weast,* 811 F.3d 743, 746 n.5 (5th Cir. 2016). "Sovereign citizens[, like Plaintiff,] endorse a fantasy that they are the beneficiaries of trust funds held by the federal government[;] They believe that by following certain procedures they can access the trust fund held . . . in the United States Treasury[, and that] these 'trust accounts,' provide unlimited sums of money." *Howell v. Mississippi*, No. 1:24-CV-57-SA-DAS, 2025 WL 2984580, at *2 (N.D. Miss. May 7, 2025), *report and recommendation adopted,* No. 1:24-CV-57-SA-DAS, 2025 WL 2980741 (N.D. Miss. Oct. 22, 2025) (quotations and citations omitted). "Sovereign citizen arguments have been overwhelmingly rejected for years as frivolous and indisputably meritless." *In re Wood,* No. MC 23-53-SDD-SDJ, 2025 WL 1606199, at *3 (M.D. La. Mar. 28, 2025), *report and recommendation adopted,* No. MC 23-53-SDD-SDJ, 2025 WL 1787422 (M.D. La. June 27, 2025) (quotations and citations omitted). Thus, "courts routinely dismiss sovereign citizen claims—like those that appear to be contained in [Plaintiff's filings]—as frivolous and without merit." *Id.*

5

In addition to those claims that are clearly fanciful, most of Plaintiff's claims are premised that Louisiana controls Plaintiff's "trust account" that is linked to her Louisiana birth certificate and that her employment hardships are a result of this. This is a clear part of sovereign citizen theory. This Court finds Plaintiff's case is frivolous and should be dismissed.

    C.    **The Complaint for Damages and Other Related Filings**

Courts typically allow *pro se* plaintiffs leave to amend their complaints when an action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004). Yet, a plaintiff should not be granted leave to amend "where a proposed amendment would be a futile act." *SB Int'l, Inc. v. Jindal*, Civ. A. No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Plaintiff's already proposed amendment is futile.

In her proposed First Amended Complaint, Plaintiff seeks to add vague and conclusory allegations that Jeff Landry, individually and officially, mismanaged her estate assets. Having reviewed these allegations, the Court finds they are nonspecific as they do not explain what estate assets Plaintiff is referring to. This Court can only assume Plaintiff is referring to her non-existent U.S. Treasury sovereign citizen trust account. As written, Plaintiff's proposed amendments in this regard are futile due to their conclusory nature and foundation in sovereign citizen theories.

Plaintiff also seeks to add the Louisiana Department of Children and Family Services ("DCFS") as a party, arguing she should not be required to pay child support. (R. Doc. 11-2). Plaintiff alleges that the court order requiring her to pay child support was issued in violation of her due process rights because it was issued after she failed to appear at a hearing for which she "received only posted notice of a child suppo[rt] modification hearing, was not properly served, and lacked counsel." (R. Doc. 11-2 at 4). Plaintiff also alleges that the notice of judgment related

6

to the hearing certified her child support arrears, and that this certification was shared with the U.S. Department of State, resulting in Plaintiff having difficulties with a passport application. (R. Doc. 11-2 at 5). Plaintiff alleges she was not notified by DCFS of its intent to report her arrears and that she was never given an opportunity to challenge the arrears, despite there being a hearing on Plaintiff's child support obligations for which she did not appear. *Id.* Based on this information, Plaintiff is asking this Court, among other things, to find DCFS's certification process violated the 14th Amendment, to annul the child support judgment, and to enjoin the enforcement of the certification and remove Plaintiff from any federal passport denial list.

Under the *Rooker-Feldman* doctrine, "[j]urisdiction over appeals from state courts is outside the jurisdiction of federal district courts." *Avdeef v. Royal Bank of Scotland, PLC,* No. 4:13-CV-967-O, 2014 WL 4055369, at *2 (N.D. Tex. Aug. 15, 2014), *aff'd sub nom. Avdeef v. Royal Bank of Scotland, P.L.C.,* 616 F. App'x 665 (5th Cir. 2015) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923)). "When constitutional claims are 'inextricably intertwined' with a state court's decision, the district court is in essence being called upon to review the state court's decision, which it may not do." *Id* (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486-87 (1983)). It is apparent that Plaintiff brought claims against DCFS to challenge a child support order and that the claims are inextricably intertwined with that order. Under *Rooker-Feldman*, this Court finds it has no jurisdiction to address Plaintiff's complaints against DCFS.

As Plaintiff's amendments regarding both Jeff Landry and DCFS are futile, Plaintiff may not amend, and her case may be dismissed with prejudice.

7

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File First Amended Complaint (R. Doc. 11) be **DENIED** and that Plaintiff's **NO. 25-803-SDD-RLB** and **NO. 25-804-SDD-RLB** cases be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on January 6, 2026.

*[signature]*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**